[No. 21701. Department Two. February 26, 1929.]

CHRIS LEWIS et al., Respondents, v. EASTERN RAILWAY & LUMBER COMPANY, Appellant.[1]

*Geo. W. Korte,* for appellant.
*Alexander Mackel,* for respondent.

MAIN, J.—The plaintiffs, by this action, sought recovery of the value of eight large fir trees which the defendant cut and removed from land which they owned, and also for damages to the land. The defendant denied liability, and counterclaimed for damages because it was not permitted to remove other trees from the land which it claimed to own. The trial was to the court without a jury, and resulted in findings of fact from which the court concluded that the defendant was the owner of the trees, with the right of ingress and egress for the purpose of cutting and removing the same, but that neither it nor the plaintiffs were entitled to damages. From the judgment entered in accordance with the findings, the defendant alone appeals.

The facts essential to be stated are these: The respondents were the owners of a tract of land in Lewis

[1] Reported in 274 Pac. 1055.

county upon which there were growing sixteen large fir trees. The appellant claimed to be the owner of the trees, with the right of entry for the purpose of cutting and removing the same. It entered upon the land, and had cut and removed eight of the trees, when a written notice was served upon it, warning it not to trespass upon the property and to keep off thereof and in the event that it failed to heed the warning thus given, it would be prosecuted for treble damages. After receiving this notice, the appellant removed its machinery from the land and desisted from any further prosecution of the work that it was then engaged in upon the land of the respondents.

■ Appellant now claims that it was justified in leaving the premises in response to the notice, and that its claim for damages is, therefore, well founded. The respondents contend that the written notice, in law, even if complied with by the appellant, did not furnish the basis for a cause of action for damages against them. These respective contentions present the controlling question upon this appeal.

In Page on the Law of Contracts, vol. 5, § 2919, which is headed, ''What amounts to prevention of performance by adversary party,'' in part it is said:

''Actual violence, threats of imprisonment, and the like, which constitute duress, excuse performance which is prevented thereby. . . . In order to operate as a discharge, the conduct of the party who is claimed to be in default must be such as in legal effect prevents performance, as distinguished from conduct which merely makes performance unpleasant or inconvenient. Profane and insulting language, or threats of personal violence, do not make performance impossible and can not be treated as discharging the contract.''

In *Cole v. Alexander*, 113 Ga. 1154, 39 S. E. 477, it was held that fear of personal violence by the plaintiff

on the part of the defendant did not justify him in abandoning land which he had purchased from the defendant and thereby furnish the basis for a cause of action for improvements which had been made.

In the case now before us, there was nothing in the notice which prevented the defendant from cutting and removing the other eight trees had it elected so to do. The notice would not have made that further work either unpleasant or inconvenient. It amounted to nothing more than a warning that, unless the defendant ceased cutting the trees, it would be subject to a law suit for treble damages. Under the authorities, the appellant was not justified in abandoning the premises and electing to pursue an action for damages.

The judgment will be affirmed.

PARKER, FRENCH, HOLCOMB, and MILLARD, JJ., concur.